Paul Hart, Esq., SBN 237766
Dennis Lewis, Esq. SBN 262256
Daniel E. Griffee, Esq. SBN 229897
JOHNSON, MONCRIEF, & HART, PC
295 Main Street, Suite 600
Salinas, CA 93901
Telephone: (831) 759-0900
Facsimile: (831) 759-0902

Attorney for Defendants Humboldt Nation Distribution, LLC and Humboldt Nutrients, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUMBOLDT WHOLESALE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUMBOLDT NATION DISTRIBUTION, LLC, a California limited liability company; HUMBOLDT NUTRIENTS, LLC, a California limited liability company,<br><br>Defendants. | **Case No. CV 114144**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP Rule 12(b)(6)]**<br><br>**DATE: November 18, 2011**<br>**TIME: 1:30 p.m.**<br>**DEPT: Courtroom 5, 17th Floor** |

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ....................1

MEMORANDUM OF POINTS AND AUHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ....................2

I. Introduction ....................2

II. Summary of Facts ....................2

III. Legal Standard ....................4

IV. Argument ....................6

A. The Court Should Dismiss The Complaint Because Plaintiff's Trademarks Are Geographically Descriptive And Therefore Not Protectable As A Matter Of Law...... ....................6

B. The Court Should Dismiss The Complaint Because Defendant's Use Of The Term "Humboldt" Is A Geographically Descriptive Protective Fair Use ....................8

C. The Remainder Of Plaintiff's Claims Should Be Dismissed Because They Are All Premised On The First Claim For Federal Trademark Infringement ....................10

1. Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a) ....................10

2. Injunctive Relief under the Lanham Act, 15 U.S.C. § 1116 ....................11

3. Under Competition Under Cal. Bus. & Prof. Code........ ....................11

4. Negligent Interference with Economic Relations ....................12

V. Conclusion ....................12

# TABLE OF AUTHORITIES

**CASES:**


*Applied Info. Sciences v. Ebay,Inc.*
511 F.3d 966, 969 (9th Cir. 2007) ....................6

*Architectural Mailboxes, LLC v. Epoch Design, LLC,*
2011 U.S. Dist. LEXIS 46180 (S.D. Cal. 2011) ....................9

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009)....................4,5

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)....................5

*Century Theatres, Inc. v. Landmark Theatre Corp.,*
2000 U.S. Dist. LEXIS 10693 (N.D. Cal. 2000)....................8

*Dual-Deck Video Cassette Recorder Anti-Trust Litig.,*
11 F.3d 1460 (9th Cir. 1993) ....................8,9

*Estate of P.D. Beckwith, Inc. v. Commissioner of Patents,*
252 U.S. 538 (1920)....................7

*Fruit Growers Co-Op v. M.W. Miller & Co.,*
73 F.Supp. 90, 93 (Dist. Wisc. 1947)....................7

*Fruit Growers Co-Op v. M.W. Miller & Co.,*
803 F.2d 500, 504 (9th Cir. 1986) ....................7

*Hensley Manufacturing, Inc. v. Propride Inc.,*
579 F.3d 603 (6th Cir. 2009) ....................9

*In re Hercules Fasteners, inc.,*
40 C.C.P.A. 944 (1953) ....................7

*Kelley v. Mortgage Elec. Registration Sys., Inc.,*
2009 U.S. Dist. LEXIS 70796 (N.D. Cal. 2009)....................11

*Khoury v. Maly's of California,*
14 Cal.App.4th 612, 619 (1993) ....................11

*MGIC Indem. Corp. v. Weisman,*
803 F.2d 500, 504 (9th Cir. 1986) ....................5

*North American Chemical Corp. v. Sup. Ct.,*
59 Cal.App.4th 764, 786 (1997) ....................12

*Penna v. Toyota Motor Sales, USA, Inc.,*
11 Cal.4th 376, 392-393 (1995) ....................12

*Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC,*
680 F.Supp.2d 1107, 1113 (N.D. Cal. 2010) ....................6,7

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.,*
983 F.Supp. 1303, 1316 (N.D. Cal. 1997) ....................11

**STATUTES:**

Cal. Bus. & Prof. Code § 17200 et seq. ....................11

Federal Rules of Civil Procedure Rule 12(b)(6) ....................4,8,9

15 U.S.C. § 1052(e)(2) ....................6

15 U.S.C. § 1054 ....................6

15 U.S.C. § 1115(b)(4) ....................8

15 U.S.C. § 1116 ....................11

15 U.S.C. § 1125(a) ....................10

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

TO PLAINTIFF HUMBOLDT WHOLESALE, INC. AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on November 18, 2011, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in the Courtroom of Judge Edward M. Chen, Courtroom 5, 17th Floor, Defendants will and hereby do move the Court for a Motion to Dismiss. This Motion is brought on the following grounds: (1) Plaintiff does not have a valid, protectable interest in its trademarks; and (2) Defendants' use of the word "Humboldt" in its trademarks is protected by the Fair Use Defense.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: October ______, 2011

JOHNSON, MONCRIEF, & HART, PC

______________________________
Paul Hart, Esq.
Attorney for Defendants Humboldt Nation Distribution, LLC and Humboldt Nutrients, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants HUMBOLDT NATION DISTRIBUTION, LLC and HUMBOLDT NUTRIENTS, LLC, respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss the Complaint of Plaintiff HUMBOLDT WHOLESALE, INC.

## I. INTRODUCTION

In this action, Plaintiff seeks to monopolize the use of the name of a county in connection with the sale of hydroponic goods and gardening supplies. In essence, Plaintiffs are asserting that if any business in the Country sells hydroponic goods or gardening supplies, it cannot use the word "Humboldt" in connection with its business without infringing upon Plaintiff's trademarks. Plaintiff's claim is tantamount to saying that if I own the trademark "San Jose Hamburgers", no other business in the Country can use the word "San Jose" in the sale of hamburgers without committing trademark infringement. Such a position is legally untenable and patently unfair.

As such, Defendants bring this Motion to Dismiss on two grounds: First, the only commonality between Plaintiff's trademarks and Defendant's marks is the use of the term "Humboldt". As a matter of law, Plaintiff does not have a legally protectable interest in its trademarks because the word "Humboldt" is geographically descriptive of the origin of its goods. One cannot obtain a valid trademark in a mark that is geographically descriptive without disclaiming the descriptive component. And second, Defendant's use of the term "Humboldt" in its marks is protected by the Fair Use Defense because the word is geographically descriptive of the origin of Defendant's goods. Therefore, this Complaint should be dismissed without leave to

amend.

## II. SUMMARY OF FACTS

Plaintiffs and Defendants both sell hydroponic goods and gardening supplies. Both parties' principal places of business are Humboldt County, California. *Complaint, paras. 4-6.* Defendant Humboldt Nutrients, LLC ("Humboldt Nutrients") owns three United States Patent and Trademark Office ("USPTO) registrations registered with the Principal Register: 1) "Humboldt Soils"-registered on July 26, 2011, with a date of first use of July 1, 2009 (*See **Exhibit A** attached to Defendants' Request for Judicial Notice*); 2) "Humboldt Nation Distribution"- registered on July 26, 2011, with a date of first use of July 1, 2009 (*See **Exhibit B** attached to Defendant's Request for Judicial Notice*); and 3) "Humboldt Pruners"- registered August 9, 2011 with a date for first use of September 1, 2009 (*See **Exhibit C** attached to Defendants' Request for Judicial Notice).*

In addition, Defendant Humboldt Nutrients has four applications for registration on the principal register pending before the USPTO for the following marks: "Humboldt County Organics", "Humboldt County Grown", "Humboldt County Lights", and "Humboldt Nutrients".(See ***Exhibits D-G***, attached to Defendants' Request for Judicial Notice).

As is clear from Defendant's Registration Certificate and Applications, the USPTO required Plaintiff to disclaim the term "Humboldt" from its marks as a condition precedent to registration on the ground that the term "Humboldt" is geographically descriptive of Defendant's goods and not registerable without the disclaimer. This is evidenced by a February 22, 2011 Office Action letter sent from the USPTO to Defendant which stated that Defendant was required

to disclaim the word "Humboldt County" from the mark "Humboldt County Lights" on the basis of geographical descriptiveness.

Plaintiff owns two USPTO trademark registrations: 1) "HW Humboldt Wholesale" registered on the Principal Register on December 8, 2009, with a date of first use of November 12, 2006 (*See **Exhibit 9** attached to Defendant's Request for Judicial Notice*); and 2) "Humboldt Wholesale", registered with the Supplemental Register on September 8, 2009, with a date of first use of April 20, 2005 (*See **Exhibit 10**, attached to Defendant's Request for Judicial Notice*).

Plaintiff was not required to disclaim the word "Humboldt" from its marks despite the geographic descriptiveness of the term. Now, Plaintiff apparently asserts an exclusive legal right to use the term "Humboldt" in connection with the sale of hydroponic goods and gardening supplies. According to Plaintiff, if any other business in the Country uses the word "Humboldt" in association with the sale of hydroponic goods and gardening supplies, it is committing trademark infringement.

Plaintiff's complaint is legally indefensible on the following bases: 1) a party cannot have a valid and protectable trademark in a mark that is geographically descriptive, such as the name of a county; and 2) Defendant's use of the term "Humboldt" is a protected fair use. As a result, the Court should dismiss Plaintiff's complaint without leave to amend.

## III. LEGAL STANDARD

FRCP Rule 12(b)(6) gives the court the power to dismiss a complaint that fails to state a claim upon which relief can be granted. The United States Supreme Court established a more stringent standard of review for 12(b)(6) motions in the recent opinions of Ashcroft v. Iqbal, 129

S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To survive a motion to dismiss under the new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (citing Twombly 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly 550 U.S. at 556). Deciding whether a complaint alleges a plausible claim is a fact specific inquiry requiring the courts to "draw on judicial experience and common sense." Id.

Now, the courts are required to first identify which statements in the complaint are factual allegations and which are legal conclusions (even if cast in the form of legal conclusions). The court is bound to accept as true all factual allegations, but not legal conclusions (even if couched in terms of factual allegations). Id. at 1964. Second, the court must determine, in the specific context of the case, whether the factual allegations, if true, allege a plausible claim. Id. at 1951. While the plaintiff need not plead detailed factual allegations, the factual allegations it does include "must be enough to raise the right to relief above the speculative level". Twombly, 550 U.S. at 1964-65. It is not enough for the plaintiff to allege "labels and conclusions or a formulaic recitation of the elements of the cause of action." Iqbal, 129 S. Ct at 1949.

Furthermore, while the court generally cannot consider extrinsic evidence in ruling on a 12(b)(6) Motion to Dismiss, the court can consider matters which may be judicially noticed. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

## IV. ARGUMENT

### A. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF'S TRADEMARKS ARE GEOGRAPHICALLY DESCRIPTIVE AND THEREFORE NOT PROTECTABLE AS A MATTER OF LAW.

To establish a trademark infringement claim under the Lanham Act, the plaintiff must show that it (1) it has a valid, protectable mark; and (2) the defendant's use of the mark is likely to cause confusion. Applied Info. Sciences v. Ebay, Inc., 511 F.3d 966, 969 (9th Cir. 2007). Plaintiff has failed to alleged facts sufficient to satisfy the first element because as a matter of law, its trademarks are geographically descriptive and not protectable. Indeed, 15 U.S.C. § 1052(e)(2) provides that a trademark cannot be registered on the principal register if the mark:

> Consists of a mark which (1) when used on or in connection with the goods of the applicant is merely descriptive or deceptively misdescriptive of them, (2) when used on or in connection with the goods of the applicant is ***primarily geographically descriptive of them***, except as indications of regional origin may be registerable under section 4 [15 USCS § 1054], (3) when used on or in connection with the goods of the applicant is primarily geographically deceptively misdescriptive of them, (4) is primarily merely a surname, or (5) comprises any matter that, as a whole, is functional. (Emphasis added).

A geographically descriptive phrase is "one that designates geographical location and would tend to be regarded by buyers as descriptive of the geographic origin of the goods or services." Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC, 680 F. Supp. 2d 1107, 1113 (N.D. Cal. 2010). For instance in Sand Hill, the United States District Court for the Northern District of California granted the defendant's motion for summary judgment on the ground that the plaintiff's use of the mark "Sand Hill" was geographically descriptive of the place of the plaintiff's business. "Here, there is no dispute that "Sand Hill" refers to a geographical locale on

or near Sand Hill Road in Silicon Valley and that Plaintiff, in fact, chose "Sand Hill" because of its geographical significance." Id. As a result, the plaintiff did not have a legally protectable interest in the mark "Sand Hill" and its complaint was dismissed.

Accordingly, a party cannot appropriate the exclusive right to use the names of cities or counties in a trademark. "But where [a trademark] is a generic or geographical name, designating a city or district or county….it is not entitled to legal protection as a trade-mark." Fruit Growers Co-Op v. M.W. Miller & Co., 73 F. Supp. 90, 93 (Dist. Wisc. 1947), (overruled on other grounds as stated in Fruit Growers Co-Op v. M.W. Miller & Co., 170 F.2d 834 (7th 1948).

Where a trademark contains components that are unregisterable (e.g. because the component is descriptive), an applicant must disclaim the unregisterable component in order to have the mark registered. Estate of P.D. Beckwith, Inc. v. Commissioner of Patents, 252 U.S. 538 (1920). "The purpose of a disclaimer is to show that the applicant is not making claim to the exclusive appropriation of such matter except in the precise relation and association in which it appeared in the drawing and description." In re Hercules Fasteners, Inc., 40 C.C.P.A. 944 (1953).

Here, Plaintiff's marks "Humboldt Wholesale" and "HW Humboldt Wholesale" are clearly geographically descriptive of the origin of its goods (i.e. Humboldt County). Plaintiff admits in its complaint that it conducts business in Humboldt County, California. *Complaint, para. 5.* What's more, Plaintiff concedes in paragraph 41 of the Complaint that its marks have "primary and descriptive significance." The only logical explanation for Plaintiff's use of the

term "Humboldt" is so consumers can identify the geographic location of the goods sold by Plaintiff. Since, Plaintiff's marks are geographically descriptive, and it failed to disclaim the unregisterable components of the mark (i.e. "Humboldt"), its marks are invalid as a matter of law and its Complaint must be dismissed.

### B. <u>THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE DEFENDANT'S USE OF THE TERM "HUMBOLDT" IS A GEOGRAPHICALLY DESCRIPTIVE PROTECTED FAIR USE.</u>

Where the facts of the complaint show a valid affirmative defense to a trademark infringement claim, the court must grant a 12(b)(6) motion to dismiss. <u>In re Dual-Deck Video Cassette Recorder Anti-Trust Litig.</u>, 11 F.3d 1460 (9th Cir. 1993). One such affirmative defense is the "fair use" defense, codified in 15 U.S.C. § 1115(b)(4). The fair use defense allows a party to use a mark that is descriptive of the goods or services of the party or of their geographic origin. As explained by the United States District Court for the Northern District of California, the "The fair use defense, in essence, forbids a trademark registrant to appropriate a descriptive term for his exclusive use and so prevent others from accurately describing a characteristic of their goods." <u>Century Theatres, Inc. v. Landmark Theatre Corp.</u>, 2000 U.S. Dist. LEXIS 10693 (N.D. Cal. 2000), (holding that the defendant's use of term "Century" in its movie theatre was a protected fair use because the term was geographically descriptive of the name of the shopping center in which the theatre was located).

Thus, where the facts in the complaint establish that the alleged infringing mark is descriptive, then the defendant's use of that mark is a protected fair use and the court must dismiss the plaintiff's trademark infringement claim as a matter of law.

For instance, In re Dual-Deck Video Cassette Recorder Anti-Trust Litig., 11 F.3d 1460 (9th Cir. 1993), the Ninth Circuit Court of Appeals upheld the district court's order granting the defendant's 12(b)(6) motion to dismiss a trademark infringement claim on the ground that the alleged infringement was considered a fair use as a matter of law. In that case, the plaintiff electronic manufacturer owned the registered mark "VCR 2". The defendant, also an electronic manufacturer, used the mark "VCR 2" on its double deck videocassette recorder to label the second deck. The court found that the defendant's use of the mark was descriptive of the second deck of its videocassette recorder and therefore a protected fair use. Id. at 1466.

Similarly, in the recent case of Architectual Mailboxes, LLC v. Epoch Design, LLC, 2011 U.S. Dist. LEXIS 46180 (S.D. Cal. 2011), the United States District Court for the Southern District of California granted the defendant's 12(b)(6) motion to dismiss the plaintiff's trademark infringement claim on the basis that the defendant's use of the mark was a nominal fair use.[1]

Moreover, in Hensley Manufacturing, Inc. v. Propride Inc., 579 F.3d 603 (6th Cir. 2009), the Sixth Circuit Court of Appeals upheld the district court's order granting the defendant's motion to dismiss a trademark infringement claim on the ground that the alleged infringing mark was used in a descriptive sense. Id. at 608. In that case, the plaintiff was a manufacturer of trailer hitches that owned the mark "Hensley Manufacturing". The defendant was also a trailer manufacturer. Both parties sold trailer designed by a man named Jim Hensley, and defendant used the designer's name to market and sell its trailers. The court found that the defendant's use

---

[1] The "nominal fair use" affirmative defense is a related but different defense than the classic fair use defense that Defendants assert in this case. Defendants simply cite Architectual for the proposition that the court must grant a 12(b)(6) motion to dismiss where there the facts show an affirmative defense as a matter of law.

of the name "Hensley" was descriptive of the designer of its trailers and consequently a protected fair use.

In this case, Defendant's use of the word "Humboldt" in its marks is clearly geographically descriptive of the location of the origin of the goods it sells (i.e. Humboldt County"). Indeed, Plaintiff admits that Defendants conduct business in Humboldt County, CA. *Complaint, paras. 5 and 6.* In addition, the USPTO sent Defendant a letter explaining that the word "Humboldt County" had to be disclaimed from the trademark "Humboldt County" lights due to its geographical descriptiveness. *See **Exhibit H**, attached to Defendants' Request for Judicial Notice.* Furthermore, Defendant's Certificates of Registration and its Application Materials all show that it was required to disclaim the word "Humboldt" as a condition precedent to registration. Therefore, Defendant is undoubtedly using the word "Humboldt" in a geographically descriptive sense. As such, Defendant's use of the word is protected by the fair use defense.

**C. THE REMAINDER OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE ALL PREMISED ON THE FIRST CLAIM FOR FEDERAL TRADEMARK INFRINGEMENT.**

If the Court dismisses the first claim for trademark infringement under the Lanham Act, it must dismiss all other claims because the other claims are predicated on the trademark infringement claim.

**1. Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a).**

Paragraph 29 of the Complaint makes clear that Plaintiff's Unfair Competition Claim is based entirely on the alleged infringement. ("The goods and products provided by Defendants

under their infringing marks will confuse the public....") If there is no infringement, the Unfair Competition Claim must be dismissed.

**2. Injunctive Relief Under the Lanham Act, 15 U.S.C. §§ 1116**

Injunctive relief is available under the Lanham Act only if the defendant is committing trademark infringement or engaging in other conduct constituting Unfair Competition. Plaintiff's claim for injunctive relief is based wholly on defendant's alleged trademark infringement.

**3. Unfair Competition Under Cal. Bus. & Prof. Code**

The Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL") prohibits unlawful, unfair, or fraudulent business practices. "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, 14 Cal. App. 4th 612, 619 (1993). In Khoury, the court upheld a demurrer to an UCL claim where the plaintiffs failed to identify what section of the statutory scheme was violated, and failed to describe with reasonable particularity facts supporting any claimed violation. See also Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1316 (N.D. Cal. 1997), (holding that a plaintiff must plead with reasonably particularity facts supporting the statutory elements of an UCL claim); Kelley v. Mortgage Elec. Registration Sys., Inc., 2009 U.S. Dist. LEXIS 70796 (N.D. Cal. 2009), (dismissing the plaintiffs' UCL claim on the ground that the plaintiffs failed to allege which acts constituted the predicate offenses on which the UCL claim was based).

Here, Plaintiffs do not identify the particular sections of the Unfair Competition Law that were allegedly violated (e.g. false advertisements, contracts in restraint of trade, etc.) Because

Plaintiffs have not alleged with particularity that a predicate offense was violated, Plaintiffs' claim for Unfair Business Practices should be dismissed.

In addition to the procedural defects, Plaintiffs' UCL Claim is based solely on its allegation of trademark infringement. Plaintiffs have not alleged any other conduct outside of the scope of the alleged trademark infringement that constitutes unlawful, unfair, or fraudulent business practices. Therefore, the UCL Claim must be dismissed.

### 4. Negligent Interference with Economic Relations

The elements of a California Negligent Interference with Economic Relations Claim are as follows: 1) an economic relationship existed between plaintiff and a third party; 2) the defendant knew of the existence of the relationship and was aware that his actions would disrupt the relationship; 3) that the defendant was negligent; and 4) the negligence caused the disruption of the plaintiff's economic relationship. North American Chemical Corp. v. Sup. Ct., 59 Cal. App. 4th 764, 786 (1997). Additionally, the plaintiff must plead and prove the "defendant's interference was wrongful "by some measure beyond the fact of the interference itself"". Penna v. Toyoto Motor Sales, USA, Inc., 11 Cal. 4th 376, 392-393 (1995).

In the absence of the trademark infringement claim, Plaintiff has simply failed to plead facts satisfying the last element (i.e. that Defendant's conduct wrongful of itself). Thus, this claim should be dismissed as well.

## V. CONCLUSION

Plaintiff simply cannot appropriate for itself the exclusive right to use the name of a County in connection with the sale of hydroponic goods. For the reasons stated herein,

Defendants respectfully request that the Court grant this Motion to Dismiss Plaintiff's Complaint without leave to amend.

Dated: October 7, 2011

JOHNSON, MONCRIEF, & HART, PC

Paul Hart, Esq.
Attorney for Defendants Humboldt Nation Distribution, LLC and Humboldt Nutrients, LLC