UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUMBOLDT WHOLESALE, INC.,

    Plaintiff,

    v.

HUMBOLDT NATION DISTRIBUTION, LLC, *et al.*,

    Defendants.
_____/

No. C-11-4144 EMC

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

**(Docket No. 10)**

    Defendants' motion to dismiss Plaintiff's complaint came on for hearing before the Court on November 21, 2011. Docket No. 10. For the reasons set forth below, the Court **DENIES** Defendants' motion to dismiss.

## I.    FACTUAL & PROCEDURAL HISTORY

    Plaintiff Humboldt Wholesale brought this suit against Defendants Humboldt Nation Distribution and Humboldt Nutrients, alleging that Defendants were infringing on Plaintiff's registered trademarks, "Humboldt Wholesale" and "HW Humboldt Wholesale." Compl. ¶¶ 11, 12. Plaintiff is a California corporation with its principal place of business in Humboldt County, California, and sells hydroponics and gardening goods nationally. Compl. ¶¶ 4, 7. Plaintiff has continuously marketed itself under the trademark "Humboldt Wholesale" since January 2006. Compl. ¶¶ 7-10. Plaintiff registered its trademark "HW Humboldt Wholesale" on the United States Patent and Trademark Office's ("USPTO") principal register in December 2009, and registered its trademark "Humboldt Wholesale" on the USPTO's supplemental register in September 2009. Compl. ¶ 11; Docket No. 11, Exh. I, J.

Defendants are California companies who conduct business in Humboldt County, California. Compl. ¶¶ 5, 6. Like Plaintiff, Defendants also sell hydroponics goods and nutrients for soils. Compl. ¶ 13. Defendants registered the names "Humboldt Nation Distribution," "Humboldt Nutrients," "Humboldt County Grown," "Humboldt County Organics," "Humboldt County Lights," "Humboldt Pruners," and "Humboldt Soils" on the USPTO's principal register in 2010 and 2011. Compl. ¶ 12; Docket No. 11, Exh. A-H. Plaintiff alleges that Defendants copied Plaintiff's trademark in order to confuse the public into believing that the entities are connected. Compl. ¶ 14. This confusion has allegedly deprived Plaintiff of sales and goodwill. Compl. ¶¶ 16, 17. Based on this infringement, Plaintiff has brought claims for federal trademark infringement, unfair competition under the Latham Act, unfair competition and trademark infringement under California Business and Professions Code § 17790, and negligent interference with economic relations.

## II.   DISCUSSION

A.   Standard of Review

In a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must be construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider facts alleged in the complaint, materials incorporated into the complaint by reference, and matters of which the Court may take judicial notice of.[1] *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must still provide the grounds of his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* This threshold is reached "when the plaintiff pleads factual content that allows the court to draw the

---

[1] Defendants have requested that the Court take judicial notice of the USPTO registrations of Defendants' marks: (1) Humboldt Soils, (2) Humboldt Nation Distribution, (3) Humboldt Pruners, (4) Humboldt County Organics, (5) Humboldt County Grown, (6) Humboldt County Lights; and (7) Humboldt County Lights. Defendants also request judicial notice of a USPTO Action Letter stating that Defendants had to disclaimer the word "Humboldt County" from the trademark "Humboldt County Lights" on the grounds that the term was geographically descriptive. Finally, Defendants request judicial notice of Plaintiff's two trademarks. The validity of these documents are not in question and the Court takes judicial notice of them.

2

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

B.      Valid Trademark

Defendants argue that there is no trademark infringement in this case because Plaintiff lacks a valid trademark. "A trademark is a limited property right in a particular word, phrase, or symbol." *The New Kids on the Block v. News Am. Pub'g*, 971 F.2d 302, 306 (9th Cir. 1992). The purpose of a trademark is to identify the manufacturer or sponsor of a good or service. *Id.* at 305. Trademark law thus seeks to prevent an infringer from using the trademark to "capitalize on the investment of time, money, and resources of his competitor." *Id.*

In order to prevail on a trademark infringement claim, a plaintiff must show that: (1) the plaintiff has a valid, protectable trademark, and (2) the defendant's use of the trademark is likely to cause confusion. *Applied Info. Scis. Corp. v. Ebay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). A protectable trademark can be established where the plaintiff has a federally registered mark in good or services, a descriptive mark that has acquired a secondary meaning in the market, or a suggestive mark that is inherently distinctive and protectable. *Id.* at 970.

Here, Plaintiff has registered "HW Humboldt Wholesale" on the USPTO's principal register, and "Humboldt Wholesale" on the supplemental register. Registration of a mark on the USPTO's principal register is prima facie evidence of a valid trademark. *Id.* Thus, where a plaintiff pursues a trademark action involving a registered trademark, the burden of proving the invalidity of the trademark falls on the defendant. *Id.* at 970 n.2; *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005). The defendant can only overcome the registered mark's presumption of validity by showing by a preponderance of evidence that the mark is not protectable. *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1114 (9th Cir. 2010); *see also Applied Info Scis. Corp.*, 511 F.3d at 970 n.2 ("A defendant may still attack the validity of a plaintiff's registered trademark, such as by showing that someone else first used the mark in commerce or that the registration was flawed.").

In the instant case, Defendants argue that Plaintiff's trademark is invalid because "Humboldt is a geographically descriptive term." Motion at 6. A descriptive term describes a person, place, or

attribute of a product. *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 872 (9th Cir. 2002). Normally, a trademark will not be registered in the principal register if the mark when used in connection with the applicant's goods is primarily geographically descriptive of them. 15 U.S.C. § 1052(3)(2) (2006). As descriptive terms "tend to consist of common words that might be the only way to describe a category of goods, we do not grant exclusive property rights in them." *Japan Telecom, Inc.*, 287 F.3d at 872.

However, it does not follow that descriptive terms are never protectable, as "a descriptive term can become protectable provided it has acquired 'secondary meaning' in the minds of consumers, i.e., it has become distinctive of the trademark applicant's goods in commerce." *Id.* Secondary meaning is a question of fact, which requires showing mental recognition in the consumers' minds that products connected with the mark are associated with the same source. *Id.* at 873. This factual question requires looking at: "(1) whether actual purchasers of the product bearing the claimed trademark associate the trademark with the producer, (2) the degree and manner of advertising under the claimed trademark, (3) the length and manner of use of the claimed trademark, and (4) whether use of the claimed trademark has been exclusive." *Yellow Cab Co. of Sacramento*, 419 F.3d 925, 930.

Plaintiff has pled sufficient facts to show that they have protectable marks in "HW Humboldt Wholesale" and "Humboldt Wholesale." Plaintiff's trademark "HW Humboldt Wholesale" is entitled to a presumption of validity because it is registered on the principal register. This presumption of validity also confers a presumption that the registered mark has acquired distinctiveness and secondary meaning. *See Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, 680 F. Supp. 2d 1107, 1116 (N.D. Cal. 2010) ("As applied to a descriptive mark such as [the plaintiff's], the registration carries a presumption of secondary meaning."); *Americana Trading Inc v. Russ Berrie & Co.*, 966 F.2d 1284, 1287 (9th Cir. 1992). Defendants cite no authority that such a presumption is vitiated per se simply because the trademark contains a descriptive term. *See Yellow Cab Co. of Sacramento*, 419 F.3d at 928; *see also Zobmondo Entm't*, 602 F.3d at 1115 ("the presumption of validity [of registration] is a strong one, and the burden on the defendant necessary

to overcome that presumption at summary judgment is heavy."). The fact remains that "HW Humboldt Wholesale" is a registered trademark.

Defendants argue that Plaintiff did not disclaim "Humboldt" in their trademark application, and thus Plaintiff's trademarks are invalid for this reason. Motion at 6. However, Defendants' singular focus on the word "Humboldt" is unavailing. The Court must consider Plaintiff's trademarks as a whole in determining whether the trademark is valid, rather than invalidate Plaintiff's trademarks simply because they include a geographic term. *See Cal. Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1455 (9th Cir. 1985) ("California Cooler's mark is a composite term, and its validity is not judged by an examination of its parts. Rather, the validity of a trademark is to be determined by viewing the trademark as a whole."); *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns., Inc.*, 198 F.3d 1143, 1148 (9th Cir. 1999); *Advertise.com, Inc. v. AOL Advertising, Inc.*, 616 F.3d 974, 978 (9th Cir. 2010). It is possible that the entirety of the trademark, even if it includes a descriptive term, has acquired secondary meaning. *See Sand Hill Advisors, LLC*, 680 F. Supp. 2d at 1117 ("Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant").

That Plaintiff failed to disclaim the word "Humboldt" in registering its trademark does not, as a matter of law, invalidate it. The USPTO is not required to demand a disclaimer as Defendants contend. Rather, the USPTO "*may* require the applicant to disclaim an unregistrable component of a mark otherwise registrable." 15 U.S.C. § 1056(a) (emphasis added). The wording of the statute is not mandatory but permissive. Case authority cited by Defendants does not hold that the failure of the USPTO to request a disclaimer automatically invalidates the trademark registration. *Estate of P.D. Beckwith, Inc. v. Commissioner of Patents* simply approved the use of disclaimers prior to their statutory authorization. 252 U.S. 538, 547 (1920). *In re Hercules Fasteners, Inc.* upheld the right of the Commissioner of Patents to enforce the requirement for a disclaimer by refusing to register the mark absent the disclaimer. 40 C.C.P.A. 944, 948 (1953). Neither case suggests that the court may find a registered trademark invalid simply because the USPTO did not request a disclaimer. *See*

*also Top Producer Sys. v. Software Scis.*, Civil No. 97-0415-MA, 1997 U.S. Dist. LEXIS 12368, at *7 (D. Or. July 21, 1997) (finding no authority that "gives the court the jurisdiction to enter a disclaimer or cancel a mark based upon failure to disclaimer"). Furthermore, courts have suggested that because the power of the USPTO to require a disclaimer is discretionary under the statute, and its disclaimers practice over the years inconsistent, it is inappropriate to afford the presence or absence of a disclaimer any legal significance. *See In re Nat'l Data Corp.*, 753 F.2d 1056, 1059 (Fed Cir. 1985); *Boston Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1, 22 (1st Cir. 2008); *Minn. Specialty Crops, Inc. v. Minn. Wild Hockey Club, LP*, Civil No. 00-2317, 2002 U.S. Dist. LEXIS 13991, at *14 (D. Minn. July 26, 2002). Thus, USPTO's failure to require a disclaimer of "Humboldt" is alone insufficient to invalidate Plaintiff's trademark as a matter of law.

Even if there is no trademark registration and thus no presumption of validity,[2] a plaintiff may still demonstrate that a mark has acquired secondary meaning by "showing that there is a mental recognition in buyers' and potential buyers' minds that products connected with the mark are associated with the same source." *Japan Telecom, Inc.*, 287 F.3d at 873. In this case, Plaintiff's trademark "Humboldt Wholesale" on the supplemental register is not entitled to an evidentiary presumption of validity. *See* 15 U.S.C. § 1094 (2006). However, in its complaint, Plaintiff has alleged that its trademarks have:

> acquired, in the minds of the purchasing public, a secondary meaning apart from its primary and descriptive significance. It has also become a distinctive tradename denoting to the eye and mind of the public a level of care, skill, industry, reliability, and individuality resulting in a reputation for excellence and high quality hyrdroponics goods throughout the United States.

---

[2] Plaintiff asserted at the hearing that under 15 U.S.C. § 1052(f), a mark acquires secondary meaning if it is exclusively used in commerce for a period of five years. However, § 1052(f) only states that when deciding to register a descriptive mark, "[t]he Director *may* accept as prima facie evidence that the mark has become distinctive, as used on or in connection with the applicant's goods in commerce, proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years before the date on which the claim of distinctiveness is made." (emphasis added). The statute does not suggest that a mark exclusively used in commerce for five years automatically gains a presumption of secondary meaning, regardless of registration. Thus, Plaintiff has not demonstrated that its trademark of "Humboldt Wholesale," which is registered on the supplemental register, is entitled to any presumption of secondary meaning.

Compl. ¶ 41.  Plaintiff also alleges that its customers have been confused, as "[m]any of Plaintiff's customers, and potential customers, have already complained to Plaintiff stating that they were confused as to the difference between Plaintiff and Defendants' goods."  Compl. ¶ 15.  These facts are sufficient to allege a valid trademark based on the mark's secondary meaning so as to survive Defendants' motion to dismiss for failure to state a claim.

Defendants have failed to prove that Plaintiff's trademarks are invalid as a matter of law.

C.   Fair Use

Defendants also argue that the Court should dismiss Plaintiff's complaint because Defendants' use of the term "Humboldt" is protected fair use.  Motion at 8; *see also In Re: Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1466 (9th Cir. 1993) (upholding district court's 12(b)(6) dismissal of a case where defendants' use of the trademark was fair use).

The classic fair use defense protects a defendant where "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or . . . their geographic origin."  15 U.S.C. § 1115(b)(4) (2006); *see also Fortune Dynamics, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 618 F.3d 1025, 1031 (9th Cir. 2010) ("classic fair use . . . involves a defendant's use of a descriptive term in its primary, descriptive sense").  The classic fair use defense prevents a trademark registrant from appropriating a descriptive term for his exclusive use and thus preventing others from accurately describing a characteristic of their goods.  *See Brother Records, Inc.*, 318 F.3d at 906; *The New Kids on the Block*, 971 F.2d at 306.  Otherwise, "[i]f the trademark holder was allowed exclusive rights in such use, the language would be depleted in much the same way as if generic words were protectable."  *The New Kids on the Block*, 971 F.2d at 306.

In order to establish fair use, Defendants must demonstrate that: (1) Defendants' use of the term is not as a trademark or service mark; (2) Defendants use the term fairly and in good faith; and (3) Defendants use the term only to describe its goods or services.  See *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002); *CG Roxanne LLC v. Fiji Water Co. LLC*, 569 F. Supp. 2d 1019, 1034 (N.D. Cal. 2008) ("The defendant must prove that its use of the term is not as a trademark or service mark, that it uses the term 'fairly and in good faith' and that it only uses the

7

term to describe its goods."). Additionally, in the Ninth Circuit, "the classic fair use defense is not available if there is a likelihood of customer confusion as to the origin of the product." *Cairns*, 292 F.3d at 1151.

Defendants argue that because Plaintiff uses the word "Humboldt" in its descriptive sense, Defendants' use of the term is protected fair use. Motion at 8. However, Defendants are using the term "Humboldt" as part of Defendants' own trademarks. Fair use only "allows use of another's mark where the use is otherwise than as a trade or service mark." *In re: Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d at 1467. Here, Defendants are using "Humboldt" as part of their trademarks. Defendants are therefore unable to establish the first element of a fair use defense, which requires that Defendants not use the term as a trademark or service mark. *See Cairns*, 292 F.3d at 1151.

Even if Defendants were not using the term as a trademark, Defendants have not demonstrated that they are entitled to the fair use defense as a matter of law. To establish fair use, the issue is not whether Plaintiff's trademark is descriptive, but whether *Defendants* are using "Humboldt" in its descriptive sense rather than in its secondary, protected meaning. *See Brother Records, Inc.*, 318 F.3d at 907 (finding that because the defendant was not using the trademark "in its primary, descriptive sense, the classic fair use defense does not apply."). Plaintiff has alleged that Defendants' use of the term "Humboldt" is not limited to describing Defendants' goods, "but to trade on the goodwill and customer base cultivated by Plaintiff and its goods." Opp. at 8; Compl. ¶¶ 14-18. In order to establish a fair use defense, Defendants needed to establish that they are in good faith using the term "Humboldt" solely in its descriptive sense, not based on any secondary meaning that would arise from infringing on Plaintiff's registered trademark. *See Brother Records, Inc.*, 318 F.3d at 906 (trademark protection only extends to the secondary, trademark meaning of a descriptive mark, not the primary descriptive meaning of the terms).

The Court finds that Defendants have failed to establish that they are entitled to the fair use defense.

///

///

### D. Remaining Claims

Defendants also seek to dismiss Plaintiff's remaining claims for: (1) unfair competition under the Lanham Act, (2) injunctive relief under the Lanham Act, (3) Unfair Competition under California Business and Professions Code § 17200 et seq., and (4) negligent interference with economic relations. Defendants' primary argument for the dismissal of these claims was that all of the claims were premised on the trademark infringement claim, and the dismissal of the trademark claim would result in the dismissal of the claims that are predicated on the alleged trademark infringement. Motion at 10. However, as discussed above, the Court finds at this juncture that Plaintiff has pled sufficient facts to support a claim for trademark infringement. As Defendants' trademark claim argument was the only basis for dismissing Plaintiff's Lanham Act claims and negligent interference claim, the Court will not dismiss these claims.

Defendants also argue that Plaintiff's claim for unfair competition under California Business and Professions Code[3] should be dismissed because Plaintiff fails to identify the particular sections of the law that were allegedly violated. However, the authority cited by Defendants only requires that "[a] plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 619 (1993) (upholding demurrer of claim where the "complaint identifie[d] no particular section of the statutory scheme which was violated *and* fail[ed] to describe with any reasonable particularity the facts supporting violation (emphasis added)); *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (dismissing claim where the plaintiff failed to allege any facts); *Kelley v. Mortg. Elec. Registration Sys., Inc.*, No. C 09-01538 SI, 2009 U.S. Dist. LEXIS 70796, at *14 (N.D. Cal. Aug. 12, 2009) (dismissing Unfair Competition Law claims where the plaintiffs failed to explain why the allegedly misleading statements constituted predicate offenses for the purposes of the statute). Defendants' authority does not suggest that a plaintiff's claim for unfair competition must be dismissed where a plaintiff did not

---

[3] Plaintiff brought a claim under California Business and Professions Code § 17790, but no such section exists in the California statute. Compl. ¶ 37.

identify the specific section that was violated, even if the plaintiff states with reasonable particularity the relevant facts and allegations.

A pleading functions as notice, and Plaintiff's complaint satisfies this function here even under *Twombly* and *Iqbal*. Defendants are aware that Plaintiff's Unfair Competition Law claim is based on the allegation of trademark infringement. Motion at 12. Plaintiff has alleged that Defendants' use of Plaintiff's trademark "creates a likelihood that Plaintiff's current customers, potential customers, and the general public will be confused or misled as to the source of goods because Defendants' business is identical to or appears to be affiliated with Plaintiff." Compl. ¶ 42. Plaintiff has also alleged that its customers have already complained about confusion distinguishing between Plaintiff's and Defendants' goods. Compl. ¶ 15. Plaintiff has thus identified the allegedly unlawful conduct, and explained the effect of that conduct on misleading Plaintiff's customers. *Contrast with Khoury*, 14 Cal. App. 4th at 619 (dismissing claim where the complaint contained no facts involving deceptive or misleading advertising, specific false advertising practices, or manner of misleading the plaintiff's customers); *Kelley*, 2009 U.S. Dist. LEXIS 70796, at *14 (dismissing claim where the plaintiffs did not allege facts showing why the mortgage was unlawful or why defendants' statements were likely to mislead customers). Thus, Plaintiff's Unfair Competition Law claim is not dismissed.

### III. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's complaint sufficiently pleads the claims asserted therein. The Court **DENIES** Defendants' Motion to Dismiss.

This order disposes of Docket No. 10.

IT IS SO ORDERED.

Dated: December 8, 2011

_____
EDWARD M. CHEN
United States District Judge

10